24995. BAKER *v.* MOULTRIE BANKING COMPANY.

DECIDED MARCH 27, 1936.

*Bob Humphreys, Lee W. Branch,* for plaintiff.
*C. E. Hay, John T. Coyle,* for defendant.

STEPHENS, J. On April 16, 1934, D. J. Baker brought suit against Moultrie Banking Company, to recover certain sums alleged to have been paid by him to the bank as interest which was in excess of the legal rate, and to recover also the legal interest which he claimed as forfeited on account of usury. The petition was in three counts. In the first count it was alleged that on May 2,

1931, he borrowed $4000, and the bank took his note for $4300, due September 10, 1931, with eight per cent. interest ·from maturity; that this note was renewed from time to time and incorporated into other notes given to the bank, and on May 6, 1933, was paid in the payment of a demand note for $16,320, dated April 15, 1933; that the amount paid by him was $4869.51, and included $113.48 legal interest to September 10, 1931, $569.51 interest to date of payment, and $186.52 usury. He prayed judgment for $869.51. In the second count it was alleged that on May 7, 1932, he borrowed $4450 and renewed a note for $1150, making a total of $5600, and gave the bank his note for $5992, due September 7, 1932, with eight per cent. interest from maturity; that this note was renewed from time to time and incorporated in other notes, and on May 6, 1933, he paid a note of $16,320, which included the note for $5992 and the interest thereon, together amounting to $6311.58, which included principal $5600, $149.33 legal interest to September 7, 1932, $242.67 usury, and $319.58 interest from September 7, 1932, to May 6, 1933. He prayed judgment for $711.58. In the third count he claimed $5344.67, by reason of various transactions during the years 1931, 1932, and 1933, a schedule of forty-four notes being attached, showing date, maturity, amount, interest charged, net amount of each note, net proceeds of new loans, and net proceeds of renewals. The allegations in counts 1 and 2 as to the notes for $4300 and $5992 were repeated, with some variation to the effect that the $4300 note was incorporated with a previous note for $16,883, and others, into a new note for $23,813, dated September 30, 1931, and due on demand; also that the $5992 note, the $23,813 note, and others were, on January 15, 1933, incorporated into four notes for the respective amounts of $16,320, $332.92, $8000, and $8269.59, the latter two being dated February, 1933, and due respectively September 1, and October 1, 1933. These notes totaled $32,922.51, and included the usury in the $4300 and $5992 notes. It was also alleged that on May 6, 1933, he paid the bank $21,281.59, which paid the note for $16,320 and gave a credit on the $8000 note of $4428.51; and that the note for $8269.59 was paid in full between May 6, 1933, and November 4, 1933. It was charged that the entire indebtedness and all the notes were tainted with usury, "and that defendant is indebted to your petitioner as a penalty for the charging of said usury, under

the law, in the sum of $5344.67, which said amount is the interest, including usury, charged by the defendant on said indebtedness so tainted with usury."

The plaintiff amended count 3 by alleging that he did not owe the bank anything, by striking from the list of forty-four notes seven of them, and by adding a paragraph alleging that if the payments made to the bank of $29,551.81, all of which were made after May 6, 1933, were applied to the payment of the principal indebtedness of $27,577.84, the bank was indebted to him in the sum of $1973.97, being interest charged by the bank on an indebtedness tainted with usury.

The defendant demurred to each count and to the petition as a whole. These demurrers need not be set out here. In so far as material they will be mentioned later. The plaintiff tendered two amendments which were disallowed on objections by the defendant. The first of these set up that on March 5, 1931, the plaintiff gave the bank a note for $16,883, due September 15, 1931, with interest from maturity at eight per cent., to cover a loan of $3899.68 and prior notes aggregating $12,028.32, making a total of $15,928; that the note contained $282.49 of usury; that it was renewed from time to time and incorporated in other notes, and was paid on May 6, 1933, the total amount paid being $19,102.52; wherefore he prayed judgment for $3174, being the entire interest including the usury. In the second disallowed amendment it was alleged, that, during the years 1931, 1932, and 1933, the plaintiff borrowed large sums from the bank; and he made the same allegations as in the first rejected amendment concerning the $16,883 note, and the same allegations as in counts 1 and 2 of the petition concerning the $4300 note and the $5992 note. It was also alleged that the plaintiff borrowed various sums (sixteen items given) between August 28, 1931, and November 8, 1932, totaling, with the $15,928 and the $4000 mentioned above, $30,154.68, which was the amount of principal due from time to time up to May 6, 1933, and November 4, 1933; that the plaintiff made various payments (dates and amounts being given) from October 27, 1931, to November 4, 1933, totaling $33,398.40; that for said amounts and renewals including interest and usury the plaintiff gave thirty-six notes (dates and amounts being given) ; that the $16,883 note which contained usury, and the $4300 note which contained usury, and the $5992 note.

which contained usury, were incorporated from time to time in other notes falling due until January 15, 1933, when he executed a note for $16,320, and until February 1, 1933, when he executed two notes, one for $8373.33 and the other for $8710.63, the three notes making a total of $33,403.36, which said notes were tainted with usury, containing the usury stated above and the interest on said usury; and that the payments above set forth, amounting to $33,-398.40, paid the full amount of principal due the bank of $30,-154.68, and an additional amount of $3243.72 over and above the principal due at the time of the last payments on November 4, 1933; for which last stated amount judgment was prayed.

After the plaintiff amended count 3, the defendant renewed its demurrers to the petition. The court overruled them as to counts 1 and 2, and sustained them as to count 3 as amended. The plaintiff excepted. The controlling questions raised are whether the court erred in striking count 3, or in disallowing either of his two amendments.

■ In count 3 the plaintiff's method of calculating the amount of interest and usury due him, as far as can be seen, was to allege the successive incorporation of two usurious notes in other notes and renewals, whereby the entire indebtedness became contaminated, and therefore, as he alleged, he was entitled to recover eight per cent. interest on the entire indebtedness as a forfeiture in addition to the usury. He alleged that the $23,813 note, having become tainted by the inclusion within it of the usurious $4300 note, was replaced, together with the usurious $5992 note, by four new notes, one for $16,320, another for $442.92, another for $8000, and another for $8269.59, and that these four notes "included the usury above mentioned in the $4300 note and the $5992 note." Payment of the four notes was alleged to have been made at various times from May 6 to November 4, 1933. Into which of the four new notes did the $4300 note and the $5992 note disappear? And when was the usury paid, in May, or at various times from May 6 to November 4? The schedule of thirty-seven notes is not explained. Count 3 is further defective in that it does not separately set out the amounts of interest and usury which the plaintiff paid. It simply mentions a lump sum of $5344.67 as including interest and usury. The grounds on which the defendant demurred to count 3 were that the plaintiff failed to set out each sum on which

usury was paid, or the date when the alleged usury was paid, or the amount thereof actually paid; and that no sufficient facts or data were set forth to authorize the claim of $5344.67. These grounds were well taken, and the court did not err in striking count 3. Code of 1933, § 81-901; *Lee* v. *King,* 142 *Ga.* 609 (83 S. E. 272); *Dublin Veneer Co.* v. *Kendrick,* 179 *Ga.* 237 (6) (175 S. E. 687); *Burnett* v. *Davis,* 124 *Ga.* 541 (52 S. E. 927).

■ The first amendment, designated as count 4, was properly disallowed, because the usury therein alleged on a note for $16,883 was paid May 6, 1933, and the amendment was tendered on May 18, 1935, which was more than one year after the payment. See *McIntosh* v. *Thomasville Real Estate Co.,* 141 *Ga.* 105 (80 S. E. 629). A suit to recover usury must be brought within twelve months from the payment thereof. Code of 1933, § 57-115; *Camp Lumber Co.* v. *Citizens Bank,* 142 *Ga.* 84 (82 S. E. 492). The date when paid and the amount must be shown. Each act of usury gives rise to a separate cause of action. Different acts may be included in one suit, under the Code, § 3-113, which allows claims between the same parties to be joined in the same action. A running account is not barred if the last item is not barred. The present suit is not for an accounting, but is for separate acts of usury. The court did not err in disallowing the amendment designated as count 5, which undertook to amalgamate or combine a number of transactions, all of which were alleged to be usurious, and to show that the plaintiff had overpaid the defendant in the sum of $3243.72, the final payment being in November, 1933.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*