548

49533. WHEAT STREET TWO, INC. v. JAMES C. WISE, SIMPSON, AIKEN & ASSOCIATES, INC.

49534. WHEAT STREET THREE, INC. v. JAMES C. WISE, SIMPSON, AIKEN & ASSOCIATES, INC.

ARGUED JUNE 27, 1974 — DECIDED JULY 10, 1974 — REHEARING DENIED JULY 31, 1974.

*Savell, Williams, Cox & Angel, Edward L. Savell,* for appellants.

*Gambrell, Russell, Killorin, Wade & Forbes, David A. Handley, Jack O. Morse,* for appellee.

Deen, Judge.

1. The court gave standard charges on the reduction of a verdict where comparative negligence is involved; the denial of a verdict where the plaintiff's negligence is the proximate cause of the damage; the duty of the plaintiff to exercise ordinary care in discovering and avoiding the consequences of the defendant's negligence, and the failure to limit the definition of negligence to the architect and engineer. The appellant contends in particular that under the ruling in *Southland Butane Gas Co. v. Blackwell,* 211 Ga. 665 (88 SE2d 6) there was no duty on it to exercise any care until the defendant

established *actual* knowledge of the dangerous situations, that is, that the small uninsulated pipes filled with water were located in an uninsulated attic where they would naturally freeze in a subfreezing temperature which endured for several days and of which they had notice. "It is not error for the court to charge in reference to a certain state of facts if there is some evidence to show their existence, even though the great preponderance of the evidence tends to show that the supposed state of facts did not exist." *Hawkins v. State,* 80 Ga. App. 496 (2) (56 SE2d 315). There is evidence here tending to prove (a) that blueprints showing the location of the cut-off valves were in the possession of the plaintiffs; (b) that the apartment manager had made several requests for the blueprints prior to the freeze because he wanted among other things to locate plumbing, heating and electrical system safety provisions; (c) that he had been unable to obtain the blueprints; (d) that he had looked for water cut-offs on his own but had been unable to find all of them, and (e) that had he had the blueprints he would have been able to prevent the damage caused by the bursting of the attic lines running to the water hydrants. This being so, the plaintiffs' negligence was in issue and the instructions were without error. Nor is the instruction on accident reversible error. Under this theory there would have been a general verdict in favor of the defendant.

2. It was not error to refuse to admit in evidence a city ordinance under the city fire code. Whether or not the fire code had been violated was irrelevant to the question of whether the plumbing systems had frozen.

3. The court charged: "If you find that any water line about which the plaintiff complains was not actually located as provided in the plans and specifications, then plaintiff could not recover against the defendant for alleged deficient design of such water line. In order for an architect to be held liable for alleged negligent design, it must first be shown that the work claimed to be defective was constructed in accordance with the plans and specifications prepared by the architect." This instruction says no more than that an architect cannot be held liable for negligent design if the negligent design

is not a part of the proximate cause of the damages. No error appears here.

4. The ninth enumeration of error directs itself to the exclusion from evidence of a memorandum prepared by the plaintiff as to the cost of repair of the various apartments involved. This proposed exhibit we have been unable to find and examine, and therefore it cannot be passed upon.

5. Any error in admitting occupancy certificates signed by the fire marshal is not harmful to the plaintiff. The apartments were admittedly occupied; the fire code was not in issue, and the fire inspection certificates obviously did not militate against the plaintiff's recovery of damages since damages as to certain of the apartments was awarded.

6. The remaining enumerations stress the general grounds, the inadequacy of damages, and an instruction as to the form of the defendant's verdict. The statement that "if you find the plaintiff is not entitled to recover any amount" the form of the verdict *should* be as given was not an expression of opinion. The evidence supports the verdict in the plaintiff's favor as to negligence of the architect in employing one of the plumbing systems, and does not demand a verdict of negligence as to the other.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*