## 56301. PUBLIC FINANCE CORPORATION v. COOPER et al.

BANKE, Judge.

The appellees, Ann and William B. Cooper, Jr., filed a class-action suit to recover a money judgment from the appellant, Public Finance Corporation. The suit was based on Public's issuance of a loan to the Coopers in violation of the Industrial Loan Act. This court granted Public's petition for interlocutory review in order to review the trial judge's certification of the case to proceed as a class action and to review his striking of certain of Public's defenses.

1. The 1978 session of the legislature enacted a new Code Ann. § 25-9903 (Ga. L. 1978, pp. 1033, 1034) which became effective on March 14, 1978. Section (b) of this new statute provides that "A claim of violation of Chapter 25-3 may be asserted in an individual action only and may not be the subject of a class action under section 81A-123 of the Georgia Civil Practice Act, or any other provision of law." Ga. L. 1955, pp. 431, 444 (former Code Ann. § 25-9903), which was the law in effect at the time the Coopers filed their suit, did not contain a specific provision authorizing or prohibiting class-action suits.

While new laws passed by the legislature are normally only prospective in application, "[a] statute determining who may be proper parties to actions, especially when the actions are of a remedial nature, will be applied to actions accrued or pending at the time of its passage." 82 CJS 1001, Statutes, § 424 (1953). See also 82

CJS 992, Statutes, § 416 (1953); Code § 102-104. The new Act passed by the legislature does not take away any person's cause of action against the finance company; rather it simply provides that borrowers suing to recover damages arising out of loans made in violation of the Industrial Loan Act must sue their respective loan company individually. See *Turman v. Mabry,* 221 Ga. 153 (143 SE2d 645) (1965); *Armistead v. Cherokee County School Dist.,* 144 Ga. App. 178 (3) (241 SE2d 19) (1977). New Code Ann. § 25-9903 was therefore applicable to this pending case, and the trial judge erred in ruling that it could continue to be prosecuted as a class action. See *Seaboard C. L. R. Co. v. Clark,* 122 Ga. App. 237 (2) (176 SE2d 596) (1970).

2. Ten of Public's defenses were stricken by the trial judge. Four defenses (Nos. 6, 9, 11, 12) were applicable only if the suit was prosecuted as a class action; and it is not necessary to review them in view of our ruling in Division 1, supra. Public has not contested the striking of three defenses (Nos. 3, 5, 10). Thus, the only defenses remaining before this court for review are defenses 2 (failure to state a claim), 4 (voluntary payment), and 13 (bar of statute of limitation).

3. Prior to the Supreme Court's decision in *Hodges v. Community Loan &c. Corp.,* 234 Ga. 427 (216 SE2d 274) (1975) prohibiting such suits, Public obtained a default judgment against the Coopers for the principal remaining unpaid on their loan after default. Subsequent to the filing of that suit by Public, the Coopers resumed payment on the loan; and the loan was ultimately repaid to Public and the judgment marked satisfied. The Coopers later filed this suit to set aside the judgment and to recover from Public the amount of the judgment plus court costs and punitive damages. There is no issue in this case as to the illegality of the loan in question.

The Industrial Loan Act (Ga. L. 1955, pp. 431, 444; Ga. L. 1978, pp. 1033, 1034) superseded the Small Loan Act (Ga. L. 1920, pp. 215, 219) on which it was partly based. That there are many similarities in policy between the old Small Loan Act and the newer Industrial Loan Act was acknowledged by the Supreme Court in *Hodges v. Community Loan &c. Corp.,* supra. Neither of these Acts

contains any express provisions as to the right of a borrower to recover the principal paid on an invalid loan. However, the Supreme Court in ruling on such a claim under the Small Loan Act held: "While the principal is also forfeited by a violation of the act of 1920, the [borrower's] right to recover an amount paid upon the principal does not rest upon the same equitable basis which allows a recovery of sums paid upon forfeited interest. Under the facts stated in the petition, the payments on principal appear to have been voluntary, and are not recoverable. Such a recovery would be inequitable, despite the fact that the loan contracts were rendered void by the compounding of interest. As to voluntary payments, see Code of 1933, § 20-1007. [Cits.]" *Nash Loan Co. v. Dixon,* 181 Ga. 297, 304 (182 SE 23) (1935).

In *Ga. Invest. Co. v. Norman,* 231 Ga. 821 (204 SE2d 740) (1974), the Supreme Court adopted a slightly different measure of damages in ruling on a borrower's counterclaim for refund of the money he had paid on a loan which was invalid under the Industrial Loan Act. The loan there in question represented, for the most part, the renewal of an old loan with a smaller new loan added on. The Supreme Court held that the borrower was entitled to recover the difference between the amount he had paid the loan company and the direct *cash* advance made to him by the lender. Significantly, however, the *Norman* decision, just as *Nash Loan Co. v. Dixon,* supra, did not permit the borrower to recover the cash actually received on the present loan even though the loan contract had been found null and void.

The loan made to the Coopers here did not involve the renewal of a pre-existing loan; and, as previously stated, the judgment obtained by Public was only in the amount of the principal owed. It has not been alleged that the amount of this judgment exceeded the amount of the actual cash advance to the Coopers. Thus, under neither the old decision in *Nash Loan Co. v. Dixon,* supra, nor *Ga. Invest. Co. v. Norman,* supra, were the Coopers entitled to a recovery. The trial judge erred, therefore, in striking Public's defense of failure to state a claim.

4. The rationale of the Supreme Court's decision in

*Norman,* supra, denying recovery of cash actually received by the borrowers was not explained. Its earlier ruling in *Nash,* supra, was based both on equitable considerations and allegations showing that the borrower's payments had been made voluntarily. With regard to the voluntariness of the Coopers' payments, this court has in a previous appeal of this case already indicated its finding that the Coopers' payments were voluntary and thus not recoverable under Code § 20-1007. See *Cooper v. Public Fin. Corp.,* 144 Ga. App. 572, 574 (241 SE2d 839) (1978). In addition, we ruled in *Cooper v. Public Fin. Corp.,* 146 Ga. App. 250 (2) (246 SE2d 684) (1978), a suit in which the Coopers sued the attorney who had collected the loan for Public (the suit was dismissed as against Public), that the Coopers' payments were voluntary and not recoverable under Code § 20-1007. The evidence presented in that case was identical to the evidence before the trial judge in this case at the time he struck Public's defenses. Therefore, our ruling in the second *Cooper v. Public Fin. Corp.* case, supra, is also determinative of the issue of voluntariness in this case. The trial judge erred therefore in striking Public's defense that the Coopers had voluntarily repaid the loan.

5. Because of our rulings in Divisions 3 and 4, it is not necessary for the court to review the trial judge's striking of Public's defense that the Coopers' action was barred by expiration of the statute of limitation.

6. The only other relief sought by the Coopers in this action was punitive damages arising out of Public's malicious abuse of process. However, it is a long-established principle of law that punitive damages are not recoverable when there is no entitlement to compensatory damages. See *Haugabrook v. Taylor,* 225 Ga. 317 (168 SE2d 162) (1969); *Blanchard v. Westview Cemetery, Inc.,* 133 Ga. App. 262 (10) (211 SE2d 135) (1974).

In summary, the judgment is reversed and remanded with direction that the trial judge enter judgment for Public Finance Corporation.

*Judgment reversed and remanded with direction. Deen, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 11, 1978 — DECIDED FEBRUARY 13, 1979.

*Arnall, Golden & Gregory, Allen I. Hirsch, Charles L. Gregory,* for appellant.

*Clein & Heimanson, Neil L. Heimanson,* for appellees.

*Charles M. Baird, Steven Gottlieb,* amicus curiae.