57415, 57416. MOTOR FINANCE COMPANY OF GEORGIA, INC. v. HARRIS; and vice versa.

SHULMAN, Judge.

Plaintiff-appellee filed a complaint designated as a class action against Motor Finance Company of Georgia, Inc., for an alleged violation of the Industrial Loan Act (Code Ann. Ch. 25-3, Ga. L. 1955, p. 431 as amended). In that suit, plaintiff sought to have two loan contracts declared null and void, a return of all moneys paid, punitive damages and other relief.

This appeal follows the certification of plaintiff's suit as a class action and the grant of summary judgment in favor of plaintiff-appellee as to one of the loan contracts on the ground that the contract was violative of the Industrial Loan Act (hereinafter "ILA"). (The other loan contract involved in plaintiff's suit is the subject of a cross appeal. See Division 5 of this opinion.) On appeal, we hold

that the trial court improperly certified the suit as a class action. We also hold that the trial court correctly held that the loan contract was violative of the ILA, but erred in failing to dismiss that portion of plaintiff's complaint demanding the return of all moneys paid and punitive damages.

1. The trial court, in accordance with an alleged stipulation between the litigants, held the decision in *Ga. Invest. Co. v. Norman,* 229 Ga. 160 (190 SE2d 48), s.c. 231 Ga. 821 (204 SE2d 740) dispositive of many of the issues in the instant case. Thus, in accordance therewith, the court below certified the present suit as a class action.

Appellant asserts that legislation (Code Ann. § 25-9903) proscribing class action relief pending the trial court's class action certification rendered the class certification improper. In response to this assertion, appellee argues, first, that such legislation cannot apply retroactively and, secondly, that even if § 25-9903 controls pending suits, the litigants, in accordance with a valid stipulation, were bound by the holding in *Ga. Invest. Co. v. Norman,* 229 Ga. 160 (in which this court certified plaintiff's class action for relief against an ILA licensee's alleged violation of the Act). For the reasons set forth below, we disagree with appellee's contentions and agree with those of appellant.

A. *Public Fin. Corp. v. Cooper,* 149 Ga. App. 42 (253 SE2d 435) is dispositive of appellant's first contention.

"While new laws passed by the legislature are normally only prospective in application, '[a] statute determining who may be proper parties to actions, especially when the actions are of a remedial nature, will be applied to actions accrued or pending at the time of its passage.' [Cits.] The new Act passed by the legislature does not take away any person's cause of action against the finance company; rather it simply provides that borrowers suing to recover damages arising out of loans made in violation of the Industrial Loan Act must sue their respective loan company individually. [Cits.] New Code Ann. § 25-9903 was therefore applicable to this pending case, and the trial judge erred in ruling that it could continue to be [litigated] as a class action. [Cit.]"

B. Appellee's argument that the parties are bound to

their alleged stipulation, regardless of the status of the law, is similarly without merit.

" 'While, ordinarily, courts are bound by stipulations of litigants, that rule cannot be invoked to bind or circumscribe a court in its determination of questions of law. It has generally been stated that the resolution of questions of law rests upon the court, uninfluenced by stipulations of the parties, and, accordingly, virtually all jurisdictions recognize that stipulations as to the law are invalid and ineffective. . .' [Cit.]" *Andrews v. Willis,* 133 Ga. App. 697, 699 (212 SE2d 24).

Assuming a stipulation had been made to the effect that a class action would be permitted in the case at bar if certified in *Ga. Invest. Co. v. Norman,* 229 Ga. 160, such a stipulation would be incongruous with the law and, therefore, invalid and ineffective. See *Andrews,* supra.

2. A. The question of whether or not a borrower may recover all moneys paid to a lender under contracts allegedly violative of the ILA was decided adversely to appellee's contentions in *Public Fin. Corp.,* supra. In *Public Fin. Corp.,* this court held that a borrower's recovery is limited to only that amount paid to the lender in excess of the cash actually advanced to the borrower. This being so, the trial court erred in failing to dismiss that portion of appellee's complaint demanding the return of all money paid by appellee to appellant, which demand was not limited to that amount paid in excess of cash actually advanced by appellant to appellee. Id., Division 3.

B. Similarly, plaintiff is not entitled to damages. "[I]t is a long-established principle of law that punitive damages are not recoverable when there is no entitlement to compensatory damages. [Cits.]" Id., Division 6.

3. Appellant alleges error in the court's grant of summary judgment to plaintiff on the grounds that genuine issues of material fact remain as to its good faith in violating the ILA. We disagree.

As appellant has failed either to allege or present competent evidence establishing, in accordance with Code Ann. § 25-9903 (c), those rules or regulations or appellate case law upon which it claims it in "good faith" relied upon in charging a notary fee, it has failed to raise

an issuable defense which would preclude summary judgment.

As defendant's charge of a notary fee was in violation of the ILA, and as no issuable defense appears, plaintiff is entitled under § 25-9903 to have the contract declared null and void. *Ga. Invest. Co. v. Norman,* 231 Ga. 821.

4. Contrary to appellant's assertions, plaintiff has not failed to exhaust its applicable administrative remedies, so as to deprive this court of jurisdiction over the subject matter of the suit. Industrial Loan Regulation 120-1-2-.13, which appellant cites in support of its contention, merely provides that a complaint service is available to citizens "who desire an investigation in a particular case." Pretermitting whether appellee is afforded the remedy sought in this action by the regulation, the regulation does not require that the complaint service be utilized. A litigant is not required to exhaust an optional administrative process before seeking redress to the courts. See, e.g., *Evans v. Louisville &c. R. Co.,* 191 Ga. 395 (1) (12 SE2d 611).

5. The trial court granted summary judgment in favor of the loan company as to Harris' claim to recover on a second loan contract between Harris and Motor Finance Company. By way of cross appeal, cross appellant Harris, asserting that Code Ann. § 57-115 authorized his action on the second loan contract, submits that summary judgment was improper. With this contention, we cannot agree.

Code Ann. § 57-115 limits recovery for usury to one year from the payment thereof. Even assuming that Code section is applicable to contracts deemed usurious under the ILA, cross appellant has failed to bring suit within the required time.

The contract which is the subject of this cross appeal was entered into in August, 1970 and was repaid in full in 1971. Though cross appellant's original complaint was filed less than a year after repayment, his complaint was not amended to include this particular claim until 1975.

As the contract in issue on cross appeal was separate and distinct from the contract which was the original subject of cross appellant's complaint, his amendment cannot relate back to the filing of his original action.

*Baker v. Moultrie Banking Co.,* 53 Ga. App. 107 (2) (184 SE 894). See generally Code Ann. § 81A-115 (c). Accordingly, the grant of summary judgment is not erroneous for the reason assigned.

6. As we held the contract at issue in the main appeal violative of the ILA, we need not consider the cross appellant's contention that the court erred in its determination that the contract's acceleration clause was proper under the ILA. The charge of a notary fee rendered the contract null and void; thus, whether or not further violations existed is irrelevant.

*Judgment affirmed in part, reversed in part in Case No. 57415. Judgment affirmed in Case No. 57416. Deen, C. J., and McMurray, P. J., concur.*

ARGUED MARCH 7, 1979 — DECIDED JULY 3, 1979 — REHEARING DENIED JULY 16, 1979 IN CASE NO. 57415—

*Turem & Kirschner, Andy R. Kirschner,* for appellant.

*Robinson, Harben, Armstrong & Millikan, Edmond A. Waller,* for appellee.