## 63532. BAILEY v. WILKES et al.

CARLEY, Judge.

Appellant-plaintiff is a permanent status employee of the Georgia Department of Revenue. Appellee-defendants are also employees of the Department. Appellant filed a three-count complaint seeking damages for an alleged tortious interference by

appellees with his employment. Appellees answered, denying the material allegations of the complaint and raising numerous defenses to appellant's action. On the same day that they filed their answer, appellees made a motion for summary judgment which was predicated upon three of the defenses raised in their answer. A hearing was held on appellees' motion and the trial court granted them summary judgment based upon two of the defenses, appellant's failure to exhaust his administrative remedies and res judicata. Appellant appeals from this order.

1. Prior to filing the instant action in state court appellant had instituted a civil rights action in federal court against appellees which was based essentially upon the same factual allegation. Appellees moved to dismiss the federal action for failure to state a claim. As matters outside the pleadings were considered, the federal court treated appellees' motion to dismiss as a motion for summary judgment. Appellees' motion for summary judgment was granted by the federal court on the ground that appellant had failed to state a cognizable claim under federal law and that a federal court was without jurisdiction to entertain appellant's action. The final order of the federal court noted that the relief appellant sought was available in state judicial and administrative forums.

Appellees' res judicata defense in the instant case is predicated upon this prior federal case, terminated by the order granting appellees summary judgment for the reasons stated above. It is appellees' contention in the instant case and the trial court agreed that whatever state claim appellant may have against them could have been asserted in the prior federal proceeding as being within that court's pendent jurisdiction and that, having failed to do so, the instant action is barred by res judicata. See generally *Pope v. City of Atlanta,* 240 Ga. 177 (240 SE2d 241) (1977).

"A judgment of a *court of competent jurisdiction* shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue. Code Ann. § 110-501." (Emphasis supplied.) *Price v. Georgia Indus. Realty Co.,* 132 Ga. App. 107, 108 (1) (207 SE2d 556) (1974). The federal court would not have had pendent jurisdiction to hear appellant's state claims asserted in the instant case and, for that reason, the federal court would not have been a court of competent jurisdiction with regard to those claims. "Pendent jurisdiction relates to issues of which the federal court would not have jurisdiction if raised independently of a federal claim. 'Pendent jurisdiction, in the sense of judicial *power,* exists whenever there is a claim "arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority . . .," U. S.

Const., Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional "case." The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. [Cit.]. . .' [Cit.]" *Pope,* 240 Ga. at 179, fn. 2, supra. Thus, a federal court has pendent jurisdiction over a state claim not otherwise cognizable in that tribunal if and only if it has jurisdiction over the federal claim. See generally Jackson v. Stinchcomb, 635 F2d 462, 470 (5th Cir. 1981); Silva v. Vowell, 621 F2d 640, 645 (5th Cir. 1980). The federal court, in essence, dismissed appellant's federal civil rights claim for lack of jurisdiction, i.e., no federal question claim was stated. It is clear that if appellant had made his state claim in the federal court that claim would likewise have been dismissed. "Certainly, if the federal claims are dismissed before trial, . . ., the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U. S. 715, 726 (86 SC 1130, 16 LE2d 218) (1966). Thus, when the federal court dismissed appellant's federal claim there was nothing from which it can be urged that appellant's state claim would have been pendent. There otherwise being no federal jurisdiction, the federal court would not have been a competent tribunal to hear appellant's state claims. See Uptown People's Community Health Services Bd. of Dirs. v. Board of Commrs., 647 F2d 727 (7th Cir. 1981). Appellant's state claims simply could not "have been litigated in the federal court under its pendent jurisdiction." *Hill v. Wooten,* 247 Ga. 737, 738 (279 SE2d 227) (1981). Therefore, even assuming that appellant's state claims "could have been raised" in the federal court in the first instance, it is clear that the judgment of that court is not res judicata as to those claims in the instant case. "[I]f the federal court would have *refrained* from [or, as in the instant case, have been precluded from] exercising its pendent jurisdiction over the state claims, then the subsequent suit in the state court would *not be barred* by res judicata." *Pope,* 240 Ga. at 179, supra. Accordingly, the trial court erred in relying upon res judicata as a basis for granting appellees' motion for summary judgment.

2. Notwithstanding our holding in Division 1, the grant of summary judgment must be affirmed if the trial court was without jurisdiction over appellant's claims. It appears that the common nucleus of all three counts of appellant's complaint is the alleged reprisal of appellees against him for having successfully exercised his right to appeal an adverse employment action to the State Personnel Board. Thus the question becomes whether such a claim is cognizable in the first instance in the courts or whether appellant is required first to pursue his administrative remedy for the alleged "reprisal."

The legislature of this state has made provision for its employees

to be afforded an administrative review of certain grievances relating to their employment. "It shall be the specific duty and function of the State Personnel Board: To insure that a review is afforded on dismissals, other adverse personnel actions as defined by the rules and regulations of the State Personnel Board and other purported violations of the rules and regulations in the several departments which are included in the career service as well as in other matters under the board's jurisdiction where the board deems a review appropriate..." Code Ann. § 40-2204 (b)(4). "The procedure adopted for dismissing a permanent status employee from employment or otherwise adversely affecting his compensation or employment status shall include, as a minimum, an opportunity to file an appeal and request a hearing which may be held before either the board or one of its hearing officers..." Code Ann. § 40-2207 (b). Subsection (g) of Code Ann. § 40-2207.1 provides that "[a]ny party, . . ., who has exhausted all administrative remedies available before the board and who is aggrieved by a final decision or order of the board on any hearing may seek judicial review of the final decision or order of the board in the superior court of the county of the place of employment of the employee."

It is apparent that the intent underlying Code Ann. § 40-2201 et seq. is to vest the State Personnel Board with the authority and jurisdiction over certain issues concerning the employment grievances of state employees. One such grievance is that which forms the common nucleus of appellant's three-count complaint, an alleged reprisal against him for having exercised his right to appeal a previous grievance. "Unjust Coercion or Reprisal. An employee who is subjected to unjust coercion or reprisal because of his participation in an appeal or grievance proceeding authorized by these Rules and Regulations may appeal for relief to the Board . . .; provided, however, that if administrative remedy for the coercion or reprisal is available through the departmental grievance procedure . . ., the employee shall first seek such remedy and may appeal to the Board only at the conclusion of the procedure." Rules and Regulations of the State Personnel Board, § 14.211.

It is our opinion that Code Ann. § 40-2201 et seq. establishes the State Personnel Board as the administrative body with, if not the exclusive, at the very least primary jurisdiction to hear and determine issues involving the "grievances" of state employees. The legislature has made the implicit if not explicit determination that the resolution of such issues involving state employees is within the special knowledge and experience of the State Personnel Board. Code Ann. § 40-2204 (b)(4). Such controversies as dismissal and adverse employment actions, including "reprisals" by fellow employees,

involve issues essentially of fact rather than law. See generally *Herault v. Dept. of Human Resources,* 137 Ga. App. 446, 448 (2) (224 SE2d 480) (1976). The Board certainly has all the power necessary to conduct a full and thorough hearing on employment controversies within its jurisdiction. See Code Ann. § 40-2207.1. Provision is made for the judicial review of the decision of the Board. Code Ann. § 40-2207.1 (h). Accordingly, we hold that the State Personnel Board should be given the first opportunity to pass on the issue of appellees' "reprisal" against appellant, that issue being within the primary jurisdiction of the Board and there being no reason offered for bypassing the Board as to this issue. Thus, whether the defense is denominated as "primary administrative jurisdiction" or "exhaustion of administrative remedies" (see 73 CJS Public Administrative Bodies and Procedures, §§ 40, 41, pp. 347-357), the trial court did not err in granting appellees' motion for summary judgment.

Appellant cannot avoid this result because he seeks in the instant case the judicial and legal "relief" of damages rather than the equitable enforcement of whatever administrative relief the Board would be authorized to effectuate. "[W]here the question involved is within the jurisdiction of an administrative agency and the question demands the exercise of administrative discretion requiring the special knowledge and experience of the agency, no action for damages will lie prior to a decision by the agency." 73 CJS, Public Administrative Bodies and Procedures, § 43, p. 358. To hold otherwise would allow appellant to bypass a hearing before the Board and the administrative relief he could be afforded thereby in contravention of the legislative grant to the Board of jurisdiction over appellant's claim of co-employee reprisal. Accordingly, assuming without deciding that an allegation of an employment "grievance" by appellant, who is apparently still employed by the state, otherwise states a tort claim for damages against appellees, his co-employees, for interference with contractual rights, the trial court did not err in granting appellee's motion for summary judgment.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED MAY 12, 1982 —
REHEARING DENIED MAY 24, 1982 —

*W. Fred Orr II, James G. Edwards II,* for appellant.
*Michael J. Bowers, Attorney General, Wayne P. Yancey, Assistant Attorney General, Verley J. Spivey, Senior Assistant*

*Attorney General,* for appellees.