## 66471. HUNNICUTT v. GEORGIA POWER COMPANY.

CARLEY, Judge.

The instant tort action was brought to recover for appellee-defendant utility company's alleged wrongful termination of the electrical service to appellant-plaintiff's home. See *Freeman v. Macon Gas Light &c. Co.,* 126 Ga. 843 (56 SE 61) (1906). The complaint alleged that appellant's service had been wrongfully terminated because of his failure to pay an overdue electricity bill for which he was not personally responsible. The complaint further alleged that the electricity to appellant's home had been restored only after he had paid the disputed bill "under protest." Appellee answered and admitted that appellant's residential electric service had been discontinued and then restored under essentially the set of facts that had been alleged in the complaint. Appellee asserted in its answer, however, that appellant was personally responsible for the disputed bill. In addition, appellee raised by way of defense the failure of appellant to exhaust his administrative remedies.

The case proceeded to trial before a jury, where the following evidence was adduced: In preparation for a move into a newly purchased home, appellant vacated his apartment and paid the outstanding bill for electricity charged to his account. However, because his new home was not yet ready for occupancy, appellant stayed in another apartment in the same complex which was being rented by a Ms. Cargile. He stayed as Ms. Cargile's guest for a period of several weeks. A short time after appellant established residence in his own home, Ms. Cargile vacated her apartment and moved into appellant's house. An electricity bill for electricity supplied to Ms. Cargile's apartment was forwarded to her at appellant's residence. The account for electricity supplied to her apartment was in Ms. Cargile's name and no other. Ms. Cargile did not pay the bill.

Appellee's employee began to conduct an investigation of Ms. Cargile's unpaid account. During this investigation, it was learned from Ms. Cargile's mother and from the manager of the apartment complex that appellant had stayed in Ms. Cargile's apartment for several weeks during the period for which the electricity bill was owing. It was also learned that Ms. Cargile was presently residing at appellant's house. Based upon this information, appellee's employee determined that appellant should be held equally responsible for Ms. Cargile's unpaid electric bill because he had benefited from the service while staying at Ms. Cargile's apartment. Appellant was then sent a letter containing a notice that existing service to his home would be discontinued unless the bill for electricity formerly supplied to Ms. Cargile's apartment was paid. According to appellant, when he

opened the letter from appellee he first saw copies of the bills which were clearly in Ms. Cargile's name. Then, in the belief that it had been misdirected to him, he gave the entire contents of the letter to Ms. Cargile without reading the discontinuance notice.

A short time later and without further notice, appellee terminated the electricity to appellant's home. When appellant phoned appellee to make inquiries, he was told that his service would not be restored until the electric bill for Ms. Cargile's apartment had been paid. When appellant disclaimed responsibility for Ms. Cargile's bill, appellee's employee suggested that he obtain electricity for his home elsewhere. Afterwards, appellant called the Georgia Public Service Commission (PSC) to lodge an oral complaint. However, in order to have his electricity restored, appellant paid Ms. Cargile's bill under protest, as well as a $7.50 reconnection fee. Appellant subsequently withdrew the complaint against appellee that he had filed with the PSC and brought the instant tort action.

At the close of appellant's evidence, appellee moved to dismiss the case based upon its defense that appellant had failed to exhaust the administrative remedies which might have been afforded him by the PSC. The trial court granted the motion and dismissed the case. It is from that order that appellant appeals.

1. The mere existence of an unexhausted administrative remedy does not, standing alone, afford a defendant an absolute defense to the institution of a legal action. "Decisions to the effect that a failure to invoke administrative remedies . . . preclude[s] or render[s] premature a resort to the courts [are] based upon *statutes* which by *express terms or necessary implication* [give] to the administrative board *exclusive jurisdiction* or [which make] the exhaustion of administrative remedies a *condition precedent* to judicial action. [Cits.]" (Emphasis supplied.) *Evans v. Louisville & Nashville R. Co.,* 191 Ga. 395, 401-402 (12 SE2d 611) (1940). "A litigant is not required to exhaust an *optional* administrative process before seeking redress to the courts. [Cit.]" (Emphasis supplied.) *Motor Finance Co. v. Harris,* 150 Ga. App. 762, 765 (258 SE2d 628) (1979).

We find no *statute* from which it might be inferred that the PSC has exclusive or even primary jurisdiction over disputes which are premised upon the alleged wrongful termination of utility service. See *Bailey v. Wilkes,* 162 Ga. App. 410 (291 SE2d 418) (1982). The sole basis for appellee's argument that appellant is now precluded from asserting a tort claim for the wrongful termination of his electricity is the existence of the following non-statutory provision relating to the PSC's authority in connection with a disputed bill: "Right of the customer. Amended. In the case of a disputed bill, the

residential customer shall have the right, after all remedial measures with the utility have failed, to request in writing, or orally to be followed by a request in writing, the Georgia Public Service Commission to investigate the dispute before service may be terminated, provided that such a request must be made within 10 days after the date of the disputed bill. Any late charges assessed in the case of a disputed bill shall be refunded if it is determined that the customer does not owe the bill." Rule 515-3-2-.06 of the Georgia Public Service Commission.

This non-statutory PSC rule was obviously promulgated *only* in contemplation of the *right* rather than the duty of a utility customer to initiate an agency investigation of a disputed bill *before* service is terminated. "'Rights' are defined generally as 'powers of free action.'" *Black's Law Dictionary* 4th ed. p. 1486 (1951). The administrative rule merely provides that a customer shall have the benefit of an optional process for instituting a pre-termination investigation of a disputed billing. The customer's failure to avail himself of this preventive optional investigation before his service is terminated would not preclude him from seeking redress in the courts on the theory that the utility's subsequent act of termination was wrongful. *Motor Finance Co. v. Harris,* supra. If its actions in the instant case were wrongful, appellee is not afforded a defense to appellant's claim based upon the fact that appellant failed to exercise his option to have the PSC investigate the dispute before appellee took that wrongful action.

The trial court erred in dismissing appellant's action on the basis of his failure to exhaust administrative remedies.

2. The trial court did not err in refusing to allow a member of the PSC to testify as an expert witness for appellant. It appears that appellant wished to elicit from this witness his opinion that, based upon certain statutory provisions and administrative rules, appellee's actions in the instant case were wrongful. "As a general and widely accepted rule, questions of law or questions involving the interplay of law and facts are inadmissible conclusions. [Cits.] Our courts have embraced this rule in numerous decisions holding that testimony of this sort must be excluded. [Cits.] . . . 'The trial court correctly sustained objections to questions intending to secure from the witness his construction of the [statutory and administrative provisions] and his opinion as to [their] effect. These are questions of law or of mixed law and fact which the trial court properly excluded.'" *Hinson v. Dept. of Transp.,* 135 Ga. App. 258, 260-261 (217 SE2d 606) (1975).

3. Appellant's final enumeration asserts error in the trial court's refusal to admit certain documentary evidence. The excluded

evidence has not been included in the record presented for review. Accordingly, we cannot pass on this enumeration. See *Blount v. Faulk,* 222 Ga. 589, 591 (151 SE2d 135) (1966). See also *Travelers Ins. Co. v. Johnson,* 118 Ga. App. 616, 617 (4) (164 SE2d 926) (1968); *Hogan v. Louisville & Nashville R. Co.,* 130 Ga. App. 638, 640 (4) (204 SE2d 348) (1974); *Wheat St. Two, Inc. v. James C. Wise, Simpson, Aiken & Assocs.,* 132 Ga. App. 548, 551 (4) (208 SE2d 359) (1974).

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED OCTOBER 20, 1983.

*Lee Sexton,* for appellant.
*Larry A. Foster,* for appellee.