72823. DOUTHIT v. STATE OF GEORGIA et al.
(349 SE2d 493)

BIRDSONG, Presiding Judge.

Summary Judgment — Tortious Interference with Contractual Rights. The facts of this case show Robert W. Douthit was an employee of the Atlanta Youth Development Center in the capacity as a

teacher of language arts. After several years of employment at the YDC, he alleged that on October 20, 1978, he was issued a written reprimand for slapping a student. He asserts that the hearing afforded him prior to the award of the reprimand was wholly deficient and did not factually support the reprimand. On June 15, 1983, he was suspended for 15 days without pay based upon persistent tardiness. On June 30, 1983, he was recommended for dismissal for insubordination.

The two June adverse personnel actions were appealed and it was determined the 15-day loss of pay was not supportable and he was restored all pay. The recommended dismissal was found to be too harsh punishment for the asserted insubordination and Douthit was restored to his position. On the day of his return to the YDC, an adverse personnel rating was filed against him. Lastly, Douthit claimed that upon his return to work (now with a different agency) $500 allegedly due from back wages accruing during the suspension without pay (subsequently restored) and compensation for the time away from his work while the dismissal was being appealed had not been paid to him. Douthit brought a complaint alleging that these several acts are indicative of an intentional interference by five of his superiors with his contractual right to employment with DHR and the YDC. Douthit contends that while the five acts forming the basis of his complaint may have originally been connected to his contractual right to work without improper interference, the actual basis of his complaint is one ex delicto and properly within the cognizance of a court of law rather than in the administrative channels of an administrative appeal. This distinction has relevance because the trial court in its grant of summary judgment concluded that as to Count I dealing with the reprimand in 1978, the administrative right to appeal expired in 1980 and the action was not brought until May 1983. Likewise, the trial court concluded the next two counts dealing with the suspension and attempted dismissal had been appealed to the State Personnel Board and that board's decisions had not been further appealed and became final. The court thus held that as to Counts II and III res judicata barred further litigation. As to Count IV, the court concluded that Douthit had not pursued his administrative appellate remedies pertaining to the biased personnel performance report and thus was barred from pursuing it before a court of law. The same reasoning was adopted by the trial court as to the failure to repay the asserted $500 back pay. Douthit brings this appeal contending the trial court erred in granting the several defendants-appellees summary judgment on these allegedly improper grounds. *Held*:

We find no error in the grant of summary judgment in this case. A similar argument to the one advanced by Douthit was made in the case of *Bailey v. Wilkes*, 162 Ga. App. 410, 412-414 (291 SE2d 418).

In that case, Bailey filed a multiple count complaint against fellow employees (superiors in the chain of employment responsibility) for alleged tortious interference by the superiors with his right to employment. The trial court in that case likewise granted summary judgment because the employee did not exhaust his appellate administrative remedies and was bound by res judicata. In that case, this court held: "It appears that the common nucleus of all three counts of appellant's complaint is the alleged reprisal of appellees against him. . . . Thus the question becomes whether . . . appellant is required first to pursue his administrative remedy for the alleged 'reprisal'. . . . [W]e hold that the State Personnel Board should be given the first opportunity to pass on the issue of appellees' 'reprisal' against appellant, that issue being within the primary jurisdiction of the Board and there being no reason offered for bypassing the board as to this issue. Thus, whether the defense is denominated as 'primary administrative jurisdiction' or 'exhaustion of administrative remedies' . . . the trial court did not err in granting appellees' motion for summary judgment.

"Appellant cannot avoid this result because he seeks in the instant case the judicial and legal 'relief' of damages rather than the equitable enforcement of whatever administrative relief the Board would be authorized to effectuate. (W)here the question involved is within the jurisdiction of an administrative agency and the question demands the exercise of administrative discretion requiring the special knowledge and experience of the agency, no action for damages will lie prior to a decision by the agency. [Cits.] To hold otherwise would allow appellant to bypass a hearing before the Board and the administrative relief he could be afforded thereby in contravention of the legislative grant to the Board of jurisdiction over appellant's claim of co-employee reprisal. Accordingly, assuming without deciding that an allegation of an employment 'grievance' by appellant, who is apparently still employed by the state, otherwise states a tort claim for damages against appellees, his co-employees, for interference with contractual rights, the trial court did not err in granting appellees' motion for summary judgment." This decision is wholly dispositive of Douthit's contention that he is entitled to a separate action ex delicto for interference with contractual right to work.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 22, 1986 —
REHEARING DENIED OCTOBER 7, 1986 ▮▮▮▮▮▮▮▮

*Charles R. Desiderio,* for appellant.
*Michael J. Bowers,* Attorney General, *H. Perry Michael,* First

*Assistant Attorney General, William C. Joy, Senior Assistant Attorney General, David C. Will, Kathryn L. Allen, Assistant Attorneys General,* for appellees.