## A92A0034. BLACKWELL v. GEORGIA REAL ESTATE COMMISSION.
### (421 SE2d 716)

COOPER, Judge.

Appellant appeals from the trial court's order granting appellee's motion to dismiss.

Appellant, a former licensed real estate broker in Georgia, had his license revoked by appellee because of his racially discriminatory behavior after an administrative hearing. Acting pro se, appellant appealed appellee's decision to the superior court, which affirmed appellee's final order revoking the license and denied appellant's request for a stay of the order. Appellant then attempted to appeal the superior court's ruling directly to this court; however, the superior court dismissed the appeal for failure to comply with the procedures for discretionary appeals pursuant to OCGA § 5-6-35. The dismissal was never pursued by appellant. Subsequently, appellant filed a separate lawsuit in superior court alleging that appellee's decision to revoke his license was in error and seeking a stay of appellee's final order as well as $3,000,000 in damages against appellee. Appellee filed a motion to dismiss which was granted by the superior court. It is from this order that appellant now appeals.

In his sole enumeration of error, appellant contests appellee's authority to revoke his real estate license and asserts that appellee's administrative decision was in error. Appellant has previously litigated these claims and cannot now re-litigate his assertion of error by appellee and his request for a stay of appellee's decision. " ' "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered. . . ." [Cit.]' [Cit.]" *Stiltjes v. Ridco Exterminating Co.*, 197 Ga. App. 852 (399 SE2d 708) (1990). For res judicata to bar re-litigation, the merits must have been adjudicated in the first action, the parties must be identical in the

two actions and the cause of action in the two actions must be the same. Id. We have previously held that questions of fact once ruled upon by an administrative body, such as the State Board of Workers' Compensation, are thereafter precluded from re-litigation by the doctrines of res judicata and estoppel by judgment. See *Garrett v. K-Mart Corp.*, 197 Ga. App. 374 (398 SE2d 302) (1990). In the instant case, appellee ruled upon the merits of the exact issues raised herein in an administrative hearing between the same parties to this appeal. The superior court reviewed the merits of those issues and affirmed appellee's decision. Appellant cannot now prolong this litigation. His claims regarding the propriety of appellee's decision and the denial of a stay are barred. Moreover, the Georgia Real Estate Commission is a creation of the legislature and the members are appointed by the governor. OCGA § 43-40-2. The commission is granted by the legislature the full power to revoke real estate licenses in this state. OCGA § 43-40-15. " '[W]here an officer or agent of the state is sued in his official capacity or where such officers are sued for acting in areas where they are vested with discretion and empowered to exercise judgment in matters before them . . .' it is a suit against the state and sovereign immunity attaches." *Price v. Dept. of Transp.*, 257 Ga. 535, 537 (361 SE2d 146) (1987). Appellant has made no allegation, argument or other showing that the sovereign immunity which attaches to appellee has been waived in any way. Therefore, the trial court correctly granted appellee's motion to dismiss.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 3, 1992 —
RECONSIDERATION DISMISSED JULY 30, 1992.

*Gordon G. Blackwell*, pro se.

*Michael J. Bowers*, Attorney General, *Mark H. Cohen, Beverly B. Martin*, Senior Assistant Attorneys General, *Roger M. Siegel*, Assistant Attorney General, for appellee.