A01A2505. PERKINS et al. v. DEPARTMENT OF MEDICAL ASSISTANCE.
(555 SE2d 500)

ELDRIDGE, Judge.

In 1996, Larry Perkins d/b/a Royal Lion Transportation and Diane Finney d/b/a Executive Nonemergency Transportation were contract providers of nonemergency medical transportation services for indigents with the Georgia Department of Medical Assistance.[1] These plaintiffs sued DMA over the method used by it to calculate amounts owed for such transportation. In 1996, the plaintiffs were audited using a "straight line" audit method, which resulted in the denial of payment of some of their charges. Royal Lion previously brought suit to adjudicate DMA's use of the straight line audit, which

---

[1] The Department of Medical Assistance is now known as the Georgia Department of Community Health.

resulted in an award of $26,526.93.[2] Executive neither used the administrative appeal process nor otherwise challenged the results of the 1996 audit then, but seeks to do so now in this action.

DMA answered and moved for either summary judgment or dismissal. The trial court granted summary judgment as to both plaintiffs. Executive failed to exhaust administrative remedies available below, and therefore, the superior court lacked subject matter jurisdiction to consider any suit against DMA. The trial court should have dismissed Executive under OCGA § 9-11-12 (b) (1) for lack of subject matter jurisdiction as a defense in abatement rather than grant summary judgment on the merits; therefore, the judgment as to Executive is ordered vacated and an order of dismissal without prejudice entered instead. As to Royal Lion, it previously litigated the same issues and won a substantially smaller damage award than it seeks now; res judicata bars the relitigation of such issues; and the grant of summary judgment is affirmed as to Royal Lion.

1. "[A] party aggrieved by a state agency's decision must raise all issues before that agency and exhaust available administrative remedies before seeking any judicial review of the agency's decision" by seeking equitable or declaratory relief. *Cerulean Cos. v. Tiller*, 271 Ga. 65, 66 (1) (516 SE2d 522) (1999); see also OCGA § 50-13-19 (a); *Brogdon v. State Bd. of Veterinary Medicine*, 244 Ga. 780, 781 (262 SE2d 56) (1979); *Irvin v. Jenkins*, 233 Ga. 16 (209 SE2d 610) (1974). It must be remembered that the constitutional separation of powers between the executive branch and the judicial branch prevents courts from involvement in review of administrative decisions unless there exists specific legislative empowerment for the judiciary to act regarding executive branch functions; when such delegation of power exists, appeals to the courts must follow such statutory procedures as a condition precedent to obtaining subject matter jurisdiction, because such conferred powers over executive branch functions are statutorily circumscribed. See *Bentley v. Chastain*, 242 Ga. 348, 349-352 (1) (249 SE2d 38) (1978); *Moreton Rolleston, Jr. Living Trust v. Glynn County Bd. of Tax Assessors*, 240 Ga. App. 405, 408-409 (2) (a) (523 SE2d 600) (1999); see also *Dept. of Transp. v. City of Atlanta*, 260 Ga. 699, 702-703 (1) (398 SE2d 567) (1990).

Where there are constitutional or other statutory rights that give the courts original jurisdiction over a matter in which the executive branch has acted, the courts may act independently from appeals. See *Bentley v. Chastain*, supra at 352; *Rolleston v. Glynn*

---

[2] In Civil Action E-67695, Fulton Superior Court, Royal Lion received a judgment that held that it was entitled to payment of $26,526.93, because the straight line audit method was not permitted in the 1996 audit. In the action below, Royal Lion sought to recover for the same services for the same period $1,664,520. OCGA § 9-12-40.

*County Bd. of Tax Assessors*, supra at 408, n. 2. "The mere existence of an unexhausted administrative remedy does not, standing alone, afford a defendant an absolute defense to the institution of a legal action." *Hunnicutt v. Ga. Power Co.*, 168 Ga. App. 525, 526 (1) (309 SE2d 862) (1983). When the administrative remedy is optional, a litigant is not required to exhaust that remedy before seeking redress in the courts of a legal cause of action. Id. at 526; see also *Motor Finance Co. &c. v. Harris*, 150 Ga. App. 762, 765 (4) (258 SE2d 628) (1979). However, " '[w]here the question involved is within the jurisdiction of an administrative agency and the question demands the exercise of administrative discretion requiring the special knowledge and experience of the agency, no action for damages will lie prior to a decision by the agency.' " *Bailey v. Wilkes*, 162 Ga. App. 410, 414 (2) (291 SE2d 418) (1982); see also *Douthit v. State of Ga.*, 180 Ga. App. 464, 466 (349 SE2d 493) (1986).

Dismissals for failure to exhaust administrative remedies may only be "based upon statutes which by express terms or necessary implication give to the administrative board exclusive jurisdiction or which make the exhaustion of administrative remedies a condition precedent to judicial action." (Citations, punctuation and emphasis omitted.) *Hunnicutt v. Ga. Power Co.*, supra at 526 (1) (citing *Evans v. Louisville &c. R. Co.*, 191 Ga. 395, 401-402 (1) (12 SE2d 611) (1940)).

Under the Georgia Administrative Procedure Act, appeal from decisions of the Department of Community Health regarding a denial, nonpayment, or determination of the amount of reimbursement paid or payable requires an administrative appeal filed with the Department of Community Health.[3] A timely judicial review of a final agency decision after an administrative appeal can be made to the superior court only if the condition precedent of exhaustion of an administrative appeal has first been completed. OCGA §§ 49-4-153 (c); 50-13-19. Such procedures provided an adequate, direct, and timely method to deal with the issues raised by Executive in this litigation. In contrast, Royal Lion achieved success in its administrative appeal, demonstrating that the administrative appeal was not futile.

Executive had to appeal the decision reducing its payments after the 1996 audit by requesting a hearing under the APA, which it failed to do. OCGA § 49-4-153 (b) (2). Therefore, the trial court lacked subject matter jurisdiction, because Executive had no right to appeal to the superior court unless and until it had as a condition precedent exhausted its administrative remedies through a timely administrative appeal. See *Hunnicutt v. Ga. Power Co.*, supra at 526. Executive

---

[3] The APA provides in OCGA § 49-4-153 (b) (2) (A) that a hearing be held on appeal under OCGA §§ 50-13-13 and 50-13-15 with the Department of Community Health.

cannot avoid the requirement for exhaustion of administrative remedies by claiming that its action is a mere breach of contract action seeking the recovery of damages, because the administrative procedures covered such disputes; Executive is prohibited from doing by indirection that which it is prohibited from doing directly, i.e., bypassing the exhaustion of administrative appeals. See *Dept. of Human Resources v. Lewis*, 217 Ga. App. 399, 400 (457 SE2d 824) (1995); see also *Mayor &c. of Savannah v. Savannah Cigarette &c. Svcs.*, 267 Ga. 173, 174 (476 SE2d 581) (1996); *Krasaeath v. Parker*, 212 Ga. App. 525, 527 (1) (441 SE2d 868) (1994).[4]

2. Royal Lion litigated successfully to judgment the same damage issues that it seeks to raise in this litigation; therefore, it is barred from the relitigation of such issues in the face of a prior judgment by the doctrine of res judicata. OCGA § 9-12-40. Here the parties were the same; the cause of action identical; and there had been a prior adjudication on the merits by a court of competent jurisdiction. OCGA § 9-12-42; *Lawson v. Watkins*, 261 Ga. 147, 148 (1) (401 SE2d 719) (1991); *Blackwell v. Ga. Real Estate Comm.*, 205 Ga. App. 233-234 (421 SE2d 716) (1992).

3. Where the trial court does not determine to grant class action status to a suit, the action rests upon the underlying action of the representative plaintiffs as their individual actions. *Dillingham v. Doctors Clinic*, 138 Ga. App. 41, 42 (3) (225 SE2d 500) (1976). Since there was no party with standing to bring the class action suit, because the representative plaintiffs' actions were dismissed, then it was proper to dismiss the action. OCGA § 9-11-23; *Ford Motor Credit Co. v. London*, 175 Ga. App. 33, 35 (332 SE2d 345) (1985); *Hill v. Gen. Finance Corp. &c.*, 144 Ga. App. 434, 436 (1) (241 SE2d 282) (1977).

*Judgment affirmed in part and vacated in part. Andrews, P. J., and Miller, J., concur.*

DECIDED OCTOBER 12, 2001 — 

*Ralph S. Goldberg*, for appellants.
*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy*

---

[4] Executive argues that exhaustion of administrative remedies is not required when such relief is inadequate or when administrative relief is futile. See *Powell v. City of Snellville*, 266 Ga. 315, 316 (467 SE2d 540) (1996); *Wilson v. Ledbetter*, 260 Ga. 180, 181 (390 SE2d 846) (1990); *Hilton Constr. Co. v. Rockdale County Bd. of Ed.*, 245 Ga. 533, 539 (266 SE2d 157) (1980); *Conklin v. Zant*, 202 Ga. App. 528 (414 SE2d 741) (1992). Only in such rare instances where "the administrative remedy exacts a price which causes it to be no remedy at all" will the courts permit a bypass of the exhaustion requirement to occur. *Moss v. Central State Hosp.*, 255 Ga. 403, 404 (339 SE2d 226) (1986); *First Union Nat. Bank &c. v. Independent Ins. Agents &c.*, 197 Ga. App. 227, 228 (1) (398 SE2d 254) (1990).

*Attorney General, William C. Joy, Senior Assistant Attorney General, Per B. Normark, Assistant Attorney General,* for appellee.