A02A2227. WIGGINS v. BOARD OF COMMISSIONERS OF TIFT COUNTY.
(574 SE2d 874)

ELDRIDGE, Judge.

Appellant-plaintiff Darrell Wiggins, Director of the Office of Community Development of Tift County, brought this verified complaint for injunctive relief under the Open Meetings Act (the "Act"), OCGA § 50-14-1 et seq., against appellees-defendants the Board of

Commissioners of Tift County, Donnie Hester, Daughtry Melton III, Margaret Carter, William E. Moore, Harriette D. Rowe, Charlotte W. Bedell, and Buddy Bryan, commissioners (the "Board"), seeking temporary and permanent relief requiring the Board to comply with the Act. The superior court granted Wiggins's application to depose the commissioners, Clerk of the Board, Elaine Shiver, and Tift County Sheriff and Deputy Sheriff, Gary Vowell and Bruce Willis, respectively, and to require the production of documents. As to the latter, Wiggins requested the production of

> all letters, memos, documents, records and tangible material of each and every kind in the possession or custody of any named [d]efendants which relates to the operation and management of Tift County Office of Community be preserved and made available to [p]laintiff's attorneys at the taking of the [d]efendants' depositions.

With Wiggins's consent, the Board extended the time for filing its answer, and moved for summary judgment and for a protective order preventing Wiggins from proceeding with discovery as ordered by the superior court. Separately, the District Attorney for the Tifton Judicial Circuit moved to intervene to set aside the superior court's discovery order and to quash the subpoena issued to Deputy Sheriff Willis, contending that Wiggins's complaint in equity sought to circumvent the criminal discovery process. The Board thereafter timely filed its answer to the complaint. A hearing on the motion for protective order followed, and the superior court issued a temporary and permanent injunction against the Board, requiring it to comply with all provisions of the Act and ordering all discovery terminated upon the further order that no action adverse to Wiggins be taken if solely as a result of discussion, if any, at the closed meeting of the Board on August 27, 2001.

On appeal, Wiggins contends that the superior court erred in terminating discovery. While we conclude that the superior court erred in permanently enjoining the Board to obey the Act in the future because of past violations thereof, we affirm its decision to terminate discovery under the right for any reason principle. *Held*:

By his complaint for injunctive relief Wiggins, among other things, averred that while in closed session the Board received evidence and heard argument against him in violation of OCGA § 50-14-3 (6)[1] and that the public agenda for the meeting as well as the min-

---

[1] This chapter shall not apply to the following: . . . Meetings when discussing or deliberating upon the appointment, employment, compensation, hiring, disciplinary action or dismissal, or periodic evaluation or rating of a public officer or

utes thereof were inaccurate. Curiously, while Wiggins's complaint sought only injunctive relief from future violations of the Act, it otherwise averred on its face purported violations of the Act which had occurred before the complaint was filed on November 21, 2001. Specifically, the complaint alleged that the closed meeting complained of occurred on August 27, 2001; that the public had not been given notice of the meeting by publication of an accurate agenda; and that the minutes of the meeting were untimely published on September 12, 2001. Apart from denying any duty to prepare an agenda under OCGA § 50-14-1 (a) (2)[2] and admitting that none had been prepared, the Board otherwise did not dispute the foregoing allegations of Wiggins's complaint. Under these circumstances, the dismissal of Wiggins's complaint for failure to state a claim upon which relief may be granted may have been proper. OCGA § 9-11-12 (c). However, the parties have not raised this issue. Consequently, we address it herein only to point out that courts cannot restrain that which has already been done, and where it appears from all the allegations of the petition that the acts complained of were fully consummated an injunction does not lie. *Whipkey v. Turner*, 206 Ga. 410, 415 (1) (57 SE2d 481) (1950); see also *Sandt v. Mason*, 208 Ga. 541, 546 (1) (67 SE2d 767) (1951) (injunction never a proper remedy against completed acts).

We conclude, however, that the superior court erred in granting Wiggins injunctive relief against the Board from future violations of the Act, in effect, requiring the Board to obey the law, a duty which it already had and as to which relief in equity is generally unavailable. See OCGA § 50-14-6 ("Any person knowingly and willfully conducting or participating in a meeting in violation of this chapter shall be guilty of a misdemeanor and upon conviction shall be punished by a fine not to exceed $500.00."); see also OCGA § 9-5-2 ("Equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it

---

employee *but not when receiving evidence or hearing argument on charges filed to determine disciplinary action or dismissal of a public officer or employee.* The vote on any matter covered by this paragraph shall be taken in public and minutes of the meeting as provided in this chapter shall be made available. Meetings by an agency to discuss or take action on the filling of a vacancy in the membership of the agency itself shall at all times be open to the public as provided in this chapter. (Emphasis supplied.) OCGA § 50-14-3 (6); 1995 Op. Atty. Gen. U95-15 ("Significantly, only the discussion or deliberation phase of the meeting may be closed, and not any part of the meeting which is devoted to receiving evidence or hearing argument on pending charges. [OCGA § 50-14-3 (6).]"); accord 1998 Op. Atty. Gen. U98-3 (3).

[2] Pertinently, OCGA § 50-14-1 (d) requires that the public be given notice of agency meetings; however, OCGA § 50-14-1 (a) (2) excludes from the definition of "meetings" gatherings of an agency's governing body where a quorum of its members are present and no final action is to be taken.

restrain or obstruct them."). Moreover, courts of equity jurisdiction will not intervene to "allay mere apprehensions of injury, but only where the injury is imminent and irreparable and there is no adequate remedy at law." (Citation and punctuation omitted.) *Morton v. Gardner*, 242 Ga. 852, 856 (252 SE2d 413) (1979).

While the superior court terminated all discovery in this case upon erroneously granting Wiggins the injunctive relief he sought, such action was nonetheless proper, his complaint having averred no more than "apprehensions of future injury." *Morton v. Gardner*, supra. Moreover, the superior court granted Wiggins the relief he sought, and, most importantly, the court ordered that no action be taken against Wiggins as a result of the meeting about which Wiggins complains. " 'Where the trial court is right for any reason, its judgment will be affirmed.' [Cit.]" *Medlin v. Mickle*, 240 Ga. 552 (2) (242 SE2d 38) (1978).

*Judgment affirmed. Smith, P. J., and Ellington, J., concur in judgment only.*

DECIDED DECEMBER 3, 2002 ▮

▮

*Simpson & Cross, Ralph F. Simpson*, for appellant.
*Reinhardt, Whitley, Wilmot & Summerlin, George R. Reinhardt, Jr., Glenn Whitley, Robert C. Wilmot*, for appellee.