## A04A0643. PATTERSON v. ELLERBEE.
### (603 SE2d 308)

BLACKBURN, Presiding Judge.

In this case regarding a purported class action suit against a juvenile court judge for allegedly failing to appoint counsel for indigent defendants during deprivation proceedings, Colleen Patterson appeals the trial court's dismissal of her action. Because the trial court correctly determined that it lacked subject matter jurisdiction over this law suit, one of two separate grounds on which the superior court dismissed this action, we affirm. Without subject matter jurisdiction, the superior court lacked any authority to determine either the efficacy of certifying a class or the underlying merits of the action.

The record shows that, for a period of approximately two years beginning in January 2002, Lowndes County brought deprivation petitions regarding all three of Patterson's minor children, and in all three cases, the juvenile court found that the children were deprived and granted custody to the Department of Family and Children Services. Patterson's parental rights have not been terminated, and determinations regarding the extent of her visitation and any case plans for reunification are ongoing. During these proceedings, the juvenile court did not appoint counsel to represent Patterson, and it is highly disputed whether she ever requested such counsel.

On December 11, 2002, James Finkelstein, Patterson's current appellate counsel, wrote the juvenile court a letter in which he stated:

> I represent Mr. Fonsie Patterson on [a] matter involving false arrest and malicious prosecution (for a false charge of child molestation . . .). At present I do not represent Mr. Patterson or Ms. Sharlow [Patterson] on the . . . Juvenile cases *except for the limited purpose of ensuring that their rights to Due Process of Law and to the Assistance of Counsel in the . . . deprivation . . . proceedings are not abridged. My purpose in writing this letter is to secure the immediate appointment of counsel.*

(Emphasis supplied.) Thus, as of at least the date of Finkelstein's letter, Patterson was represented by counsel with regard to the underlying issue in this appeal.

In response to Finkelstein's letter, on December 12, 2002, the juvenile court informed him that, to the extent he represented Patterson, he would have to follow the appropriate rules and file a notice of appearance on her behalf prior to corresponding or communicating with the juvenile court about Patterson's case. There is no

evidence of record that, despite his statement that he was representing Patterson, albeit in a limited capacity, Finkelstein ever filed any such notice of appearance. In addition, there is no evidence that Finkelstein took any further steps to attempt to obtain separate counsel for his client at any time during the ongoing deprivation proceedings.

Instead of taking action in Patterson's deprivation proceedings in the juvenile court, Finkelstein, more than six months after writing a letter to the juvenile court, filed a class action law suit in superior court on behalf of all indigent defendants who allegedly had been denied the right to counsel in deprivation proceedings in Lowndes County Juvenile Court. This class action suit, of which Patterson was named as the class representative, was brought directly against a single juvenile court judge, O. Wayne Ellerbee, in his individual capacity and in his official capacity. In addition, the class action complaint states that, since the filing of the class action, Patterson "has retained [Finkelstein] to represent her in the Juvenile Court of Lowndes County, and that [he] will appear on her behalf to petition for the return of her children and to vacate the prior deprivation orders."

On August 18, 2003, Judge Ellerbee filed a motion to dismiss the class action, contending, among other things,[1] that: (1) the superior court lacked subject matter jurisdiction over the law suit pursuant to OCGA § 9-11-12 (b) (1); (2) Patterson failed to state a claim upon which relief can be granted pursuant to OCGA § 9-11-12 (b) (6); (3) Judge Ellerbee was entitled to official immunity; and (4) Judge Ellerbee was entitled to qualified immunity. On October 7, 2003, the superior court granted the motion to dismiss, finding both that Patterson failed to state a claim and that it lacked subject matter jurisdiction over the case.

In deciding this case, we must first consider whether the trial court properly determined that it lacked subject matter jurisdiction over this case. If there was no subject matter jurisdiction, then the question of class action certification becomes irrelevant, as the trial court would have no power to make that determination, regardless of the merits of the underlying claims.

Superior courts in this state have subject matter jurisdiction over equity cases. Ga. Const. Art. VI, Sec. IV, Par. I. An appropriate equity case is one in which the plaintiff lacks an adequate remedy at

---

[1] Judge Ellerbee moved to dismiss specifically pursuant to OCGA § 9-11-12 (b) (1), (6), and all defenses raised in his answer to defendant's complaint, including qualified and official immunity.

law, thereby necessitating an action in superior court because no other means of relief is available.

Based on the facts of record now before us, we cannot say that Patterson has exhausted her legal remedies before the juvenile court, triggering the equity jurisdiction of the superior court. It is undisputed that, as of December 11, 2002, Finkelstein was acting as Patterson's counsel regarding the matter of her representation in the ongoing deprivation matters. For purposes of this analysis, we assume that Patterson asked the juvenile court to appoint counsel to represent her at the hearings which she has attended, before or after December 11, 2002. Her attorney, Finkelstein, has chosen not to challenge the juvenile court's decision to deny her request for counsel, in any way, whether by filing an actual motion requesting counsel, a motion for reconsideration concerning the juvenile court's denial of counsel, or an appeal of the denial of counsel. Instead, Finkelstein chose to take Patterson's issues up in a separate court under the auspices of a class action. In this case, there were and are remedies available to Patterson through the juvenile court. Because of these available legal remedies, she is not entitled to equitable relief. The superior court properly determined that it lacked subject matter jurisdiction in this case.

As there was no subject matter jurisdiction in this case, those cases in which subject matter jurisdiction is proper but reversal is necessary because a trial court failed to consider class certification prior to ruling on the merits are simply not applicable here. See, e.g., *IBM v. Kemp*.[2]

Even if Patterson's case could be considered a true equity case, it remains questionable that her claims could survive a motion to dismiss. As an initial matter, it would be highly unorthodox for the superior court to order the juvenile court to follow the law which it is already required to uphold. See *Wiggins v. Bd. of Commrs. of Tift County*[3] (physical precedent only). Moreover, Judge Ellerbee's official and qualified immunity would also serve as formidable obstacles to

---

[2] *IBM v. Kemp*, 244 Ga. App. 638, 642 (2) (536 SE2d 303) (2000). In such cases, the trial court had subject matter jurisdiction which, in turn, gave it the authority to consider the question of class certification. Moreover, these cases do not stand for the proposition that a trial court must consider the requirements of the class action statute prior to ruling on any motion to dismiss. To the contrary, if, as in this case, the trial court has no subject matter jurisdiction over a case, it must consider that matter first, whether raised in a motion to dismiss or sua sponte. If the trial court failed to first consider subject matter jurisdiction and made a decision on class certification in the absence of such jurisdiction, that decision would be void. To hold otherwise would be tantamount to ruling that the legislature could alter the jurisdiction established pursuant to the state constitution by a statutory provision.

[3] *Wiggins v. Bd. of Commrs. of Tift County*, 258 Ga. App. 666, 668 (574 SE2d 874) (2002).

Patterson's suit. And, finally, even if the superior court had jurisdiction over Patterson's case, it seems unlikely that Patterson could be a proper class representative for indigent defendants without counsel in deprivation cases, as Patterson admits on the face of her complaint that she is, in fact, represented by counsel in her own ongoing deprivation matters.

As a cautionary note, it must be pointed out that we do not reach the merits of Patterson's claims regarding representation of indigent defendants in deprivation cases. As the superior court lacked jurisdiction over Patterson's case, her claims regarding representation are simply not before this Court at this time.

*Judgment affirmed. Andrews, P. J., Eldridge, Mikell and Adams, JJ., concur. Ruffin, P. J., and Barnes, J., dissent.*

BARNES, Judge, dissenting.

Because I believe that the trial court erred in dismissing the claim for lack of subject matter jurisdiction and for failure to state a claim before considering whether the complaint met the requirements for a class action pursuant to OCGA § 9-11-23 (a), I must respectfully dissent.

The majority argues that the trial court did not have subject matter jurisdiction because Patterson should have pursued this issue and exhausted her legal remedies in the juvenile court, and that her failure to do so divests the trial court of subject matter jurisdiction. Failure to exhaust all available legal remedies does not nullify subject matter jurisdiction when the general power over that class of cases has been granted to the court.

"Subject matter jurisdiction has been defined as the power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power. [Cit.]" (Punctuation omitted.) *Vann v. DeKalb County Bd. of Tax Assessors*, 186 Ga. App. 208, 209 (1) (367 SE2d 42) (1988). It provides for jurisdiction over the class of cases to which a particular case belongs, and "does not mean simply jurisdiction of the particular case then occupying the attention of the court." *Nicholson v. State*, 261 Ga. 197, 199 (4) (403 SE2d 43) (1991) (citing *Zeagler v. Zeagler*, 192 Ga. 453 (15 SE2d 478) (1941)). In Georgia, superior courts have exclusive jurisdiction over equity cases. Ga. Const. Art. VI, Sec. IV, Par. I; *Moody v. Mendenhall*, 238 Ga. 689 (234 SE2d 905) (1977).

While a party aggrieved by a state agency's decision must exhaust available administrative remedies before seeking equitable or declaratory relief through judicial review, *Perkins v. Dept. of Medical Assistance*, 252 Ga. App. 35, 37 (1) (555 SE2d 500) (2001), this case does not involve an administrative decision governed by the

Administrative Procedure Act. Moreover, dismissals for failure to exhaust administrative remedies may only be "based upon statutes which by express terms or necessary implication give to the administrative board exclusive jurisdiction or which make the exhaustion of administrative remedies a condition precedent to judicial action." (Citations, punctuation and emphasis omitted.) *Hunnicutt v. Ga. Power Co.*, 168 Ga. App. 525, 526 (1) (309 SE2d 862) (1983) (citing *Evans v. Louisville &c. R. Co.*, 191 Ga. 395, 401-402 (1) (12 SE2d 611) (1940)). In *Hunnicutt*, the trial court had the power to deal with the general abstract question presented in this case, and therefore had subject matter jurisdiction to consider it. Compare *Norman v. United Cities Gas Co.*, 231 Ga. 788 (204 SE2d 127) (1974) (class action dismissed for lack of subject matter jurisdiction because consumer did not pursue administrative remedies); *Riley v. Savannah Electric & Power Co.*, 236 Ga. 802 (225 SE2d 301) (1976) (class action dismissed for lack of subject matter jurisdiction because jurisdiction resided in Public Service Commission).

Subject matter jurisdiction being proper, the trial court was then required to determine whether the case could be maintained as a class action under OCGA § 9-11-23. "[I]n determining the propriety of a class action, the first issue to be resolved is not whether the plaintiffs have stated a cause of action or may ultimately prevail on the merits but whether the requirements of [OCGA § 9-11-23 (a)] have been met. [Cit.]" *Sta-Power Indus. v. Avant*, 134 Ga. App. 952, 954 (1) (216 SE2d 897) (1975). Indeed, our law requires that "[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." OCGA § 9-11-23 (c) (1).

The court here, in dismissing Patterson's complaint, failed to address whether the case could be maintained as a class action under OCGA § 9-11-23. Instead, it only determined that Patterson's claim could not go forward. Even assuming, without deciding, that Patterson's complaint is without merit, given the priority of issue resolution in these circumstances, the trial court was required to first determine whether the requirements of the class action statute could be met. See *IBM v. Kemp*, 244 Ga. App. 638, 642 (2) (536 SE2d 303) (2000), citing *Sta-Power Indus. v. Avant*, supra, 134 Ga. App. at 954. After the trial court determines whether to grant class action status to a suit, it then considers whether the representative plaintiff has stated a claim for relief individually. See *Perkins v. Dept. of Medical Assistance*, supra, 252 Ga. App. at 38 (3). Accordingly, the trial court also erred in dismissing the complaint for failure to state a claim. See *Ford Motor Credit Co. v. London*, 175 Ga. App. 33, 37 (332 SE2d 345) (1985).

Because I disagree with the majority's finding that the trial court lacked subject matter jurisdiction over Patterson's claim because she was required to exhaust her legal remedies before the juvenile court, I must respectfully dissent. *Sta-Power Indus. v. Avant,* supra, 134 Ga. App. at 954.

I am authorized to state that Presiding Judge Ruffin joins in this dissent.

DECIDED JULY 15, 2004 —
RECONSIDERATION DENIED JULY 30, 2004 — 

*James N. Finkelstein,* for appellant.
*Elliott & Blackburn, Walter G. Elliott II,* for appellee.