A11A0031. SEGARS et al. v. STATE OF GEORGIA.
(710 SE2d 916)

SMITH, Presiding Judge.

In this child custody dispute, Donna Segars and Richard Segars ("the Segars") appeal from the order of the Morgan County Superior

---

Court granting summary judgment in favor of the Georgia Department of Human Services, acting by and through the Morgan County Department of Family and Children Services ("DFACS"). Because the trial court correctly determined that the issue of custody had already been decided in the juvenile court and thus could not be re-litigated in superior court, we affirm.

The Segars are the paternal grandparents of A. S., the minor child whose custody is at issue here. On July 20, 2009, the Segars filed a petition for temporary letters of guardianship in the Probate Court of Baldwin County, where they reside. On July 22, 2009, by order of the Juvenile Court of Morgan County, two-month-old A. S. was taken from the hospital, where she was born prematurely, and placed into shelter care. At the 72-hour hearing, on July 27, 2009, the Segars were present and represented by counsel. The juvenile court entered an order consented to by the parents, finding that A. S. was deprived due to their history of drug use and domestic violence and awarding temporary custody to DFACS.

On July 31, 2009, the Segars filed a motion to intervene in the deprivation proceedings before the juvenile court. That motion was denied on August 19, nunc pro tunc August 11, 2009. The record contains no appeal of that order, and it appears that the Segars did not seek to appeal the denial of their motion to intervene.[1]

On December 11, 2009, DFACS filed a separate action in the juvenile court to terminate the parental rights of the mother and father of A. S. The Segars were aware of the termination action at the latest by January 19, 2010, when they filed this action and alleged that the termination action was pending. They did not, however, move to intervene in the termination action.[2] When the superior court asked counsel why they failed to do so, she responded, "To be honest, Your Honor, I think they believed that if they attempted to intervene again, they would not be allowed to one more time."

Instead, on January 19, 2010, the Segars filed a "Complaint for

---

[1] "A denial of intervention is appealable." (Citation and footnote omitted.) *In the Interest of J. M. T.*, 275 Ga. App. 526, 527 (621 SE2d 535) (2005) (reversing denial of aunt and uncle's motion to intervene to seek custody in termination action).

[2] Intervention must be timely, and

whether a motion to intervene is timely is a decision entrusted to the sound discretion of the trial court. But where intervention appears before final judgment, where the rights of the intervening parties have not been protected, and where the denial of intervention would dispose of the intervening parties' cause of action, intervention should be allowed and the failure to do so amounts to an abuse of discretion.

(Citations and punctuation omitted.) *Payne v. Dundee Mills*, 235 Ga. App. 514, 515 (1) (510 SE2d 67) (1998).

Custody" in the Superior Court of Morgan County, beginning the action which forms the subject of this appeal. In that complaint, they noted that A. S. had been taken into shelter care, that the child was found to be deprived, that they filed a motion to intervene which was denied, that a final order of temporary custody was entered, and that DFACS had filed a petition for termination of parental rights. The Segars sought temporary and permanent custody of A. S., and prayed that the juvenile court action be stayed until their superior court action could be heard.

Eight days later, on January 27, 2010, the juvenile court held a hearing in the termination proceeding, taking evidence and hearing testimony from witnesses, including Dr. Priscilla Faulkner, a licensed psychologist.[3] After finding extensive substance abuse, severe domestic violence, incarceration, probation violations, and mental deficiencies on the part of both parents, the juvenile court terminated their parental rights on February 5, 2010, nunc pro tunc January 27, 2010. As part of that order, the juvenile court held:

> The Court finds that the Department conducted a thorough and exhaustive search for relatives in this matter. The Court specifically finds that the paternal grandparents, Richard and Donna Segars, are not suitable relative placements for this child because, based on the testimony by Dr. Faulkner and the evidence adduced at the termination hearing, the paternal grandparents will not be able to protect this child from the father because there is a long history of the paternal grandparents minimizing the father's antisocial behavior and enabling the father's behavior.

Concluding that none of the relatives identified in DFACS's search were suitable placements for the child under OCGA § 15-11-103, the juvenile court placed physical and legal custody with DFACS for purposes of adoption.

A month later, on February 25, 2010, the Segars moved for a permanent injunction in the superior court action, seeking an order prohibiting DFACS from placing A. S. for adoption until the custody action was heard on the merits. Thereafter, DFACS responded to the

---

[3] The transcript and exhibits from the termination hearing in the juvenile court are not included in the record before us. We note that in the absence of a transcript, and in accordance with the presumption of regularity of proceedings, we cannot address the Segars' complaints regarding alleged irregularities or errors in the termination action and must conclude that the juvenile court discharged its duties properly. *Westmoreland v. State*, 287 Ga. 688, 696-697 (10) (699 SE2d 13) (2010). "This court will not presume the trial court committed error where that fact does not affirmatively appear." (Citations and punctuation omitted.) *Green v. SunTrust Banks*, 197 Ga. App. 804, 807 (3) (b) (399 SE2d 712) (1990).

motion for injunction and moved for judgment on the pleadings. On May 4, 2010, the superior court held a hearing on the pending motions, and on May 28, 2010, it entered an order treating DFACS's motion for judgment on the pleadings as a motion for summary judgment and granting summary judgment in favor of DFACS. This appeal followed.

The superior court correctly held that it could have had jurisdiction over an original petition for custody, but the juvenile court had already taken jurisdiction and decided the Segars's contentions adversely to them. Therefore, nothing remained to be decided in the superior court.

It is true that both the superior and juvenile courts may have jurisdiction over custody cases in particular circumstances. In a divorce action, the superior court has jurisdiction to determine custody "until the final judgment in the case." OCGA § 19-6-14. A "juvenile court shall have concurrent jurisdiction to hear and determine the issue of custody and support when the issue is transferred by proper order of the superior court." OCGA § 15-11-28 (c) (1). In certain cases, as when a deprivation petition is in reality "a disguised custody matter," the juvenile court has no jurisdiction. *In re M. C. J.*, 271 Ga. 546, 548 (523 SE2d 6) (1999). But the juvenile court "shall have exclusive original jurisdiction over juvenile matters and shall be the sole court for initiating action . . . [c]oncerning any child . . . [w]ho is alleged to be deprived," OCGA § 15-11-28 (a) (1) (C), or "[i]nvolving any proceedings . . . [f]or the termination of the legal parent-child relationship . . . other than that in connection with adoption proceedings." OCGA § 15-11-28 (a) (2) (C).

In determining the issue of competing jurisdictions, we have repeatedly applied the principle that "where common law courts have concurrent jurisdiction, the first court taking jurisdiction will retain it." *Lincoln v. State*, 138 Ga. App. 234, 235 (2) (225 SE2d 708) (1976). See also *State v. Henderson*, 281 Ga. 623, 624 (1) (641 SE2d 515) (2007) ("Where courts have concurrent jurisdiction, the first court taking jurisdiction will retain it.").

In our recent decision of *Long v. Long*, 303 Ga. App. 215 (692 SE2d 811) (2010), concurrent jurisdiction over custody clearly existed in the superior and juvenile courts because a divorce action was pending in superior court simultaneously with a deprivation action in juvenile court. But even in that case, once the juvenile court had exercised its jurisdiction over the issue of custody, we applied the principle that "whichever [court] first takes jurisdiction will retain it." (Citation, punctuation and footnote omitted.) Id. at 218 (2). We held that, because "the juvenile court had already exercised its jurisdiction over the temporary custody of [appellant's] children in light of the deprivation action, . . . we cannot conclude that the

superior court had good reason to interfere." Id. at 219 (2). Because the juvenile court had prior jurisdiction, we reversed the superior court's injunction forbidding DFACS, the temporary custodian of appellant's children, from allowing appellant custody or unsupervised visitation. Id.

*Long* controls the outcome in the case before us. Once the juvenile court took jurisdiction of the deprivation action and, later, the termination action, it took jurisdiction of the entire case of the minor child A. S., including the issues of disposition and custody under OCGA §§ 15-11-58 and 15-11-103. The superior court correctly found that it had no good reason to interfere with the valid jurisdiction of the juvenile court.[4]

In their brief, the Segars raise four related enumerations of error, none of which have merit because they ignore the central issue of jurisdiction. First, they seize on language in the superior court's order that notes that they "did not exhaust their remedies at law in the Juvenile Court of Morgan County." From this, they argue that the trial court improperly applied the rule regarding the exhaustion of administrative remedies. In support of their argument, they cite to the dissent in *Patterson v. Ellerbee*, 268 Ga. App. 826 (603 SE2d 308) (2004). But the majority in that case, while not directly on point, is significant here because it reaffirms the principles allocating jurisdiction between the juvenile and superior courts.

In *Patterson*, after the juvenile court refused to appoint counsel for a parent in a deprivation proceeding, the parent filed a class action in superior court on behalf of all parents who had been denied counsel in deprivation proceedings. Id. at 827. The superior court dismissed, and we affirmed, holding that the superior court lacked subject matter jurisdiction because the parent had failed to exhaust her legal remedies before the juvenile court and thus was not entitled to invoke the equitable jurisdiction of the superior court. Id. at 827-828. Here, as in *Patterson*, the superior court lacked jurisdiction, but in this case because the juvenile court had already exercised its concurrent jurisdiction.

The Segars also contend that the superior court, having found that an original petition for custody is proper in that court, should have entertained their petition. They further contend that their petition was timely. But these contentions ignore the fact that the superior court lacked jurisdiction.

---

[4] Compare such cases as *In the Interest of C. C.*, 193 Ga. App. 120, 121 (387 SE2d 46) (1989), in which a deprivation action in juvenile court had concluded with an award of temporary custody to the grandparents. We held that the legal custodians' petition seeking a modification of that custody must be brought in superior court. Id. In contrast, here the termination petition was pending at the time the Segars filed their complaint in superior court.

The Segars incorrectly assert that they were without a remedy. As the superior court observed, however, they could have appealed the denial of their motion to intervene in the deprivation action, but failed to do so. Furthermore, they could have moved to intervene in the termination action, but failed to do so. See *J. M. T.*, supra, 275 Ga. App. at 528 (holding juvenile court erred in denying motion to intervene in termination action by paternal relatives).

The superior court correctly determined that it could not hear a custody matter as to which the juvenile court had already taken jurisdiction and had exercised that jurisdiction by terminating parental rights and placing physical and legal custody of the child in DFACS. We therefore affirm.

*Judgment affirmed. Mikell and Dillard, JJ., concur.*

DECIDED JUNE 2, 2011.

*Jeffrey A. Miller*, for appellants.
*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Elizabeth M. Williamson, Assistant Attorney General, Prior, Daniel & Wiltshire, Lee R. Moss*, for appellee.