**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**November 1, 2012**

# In the Court of Appeals of Georgia

A12A1258. STONE-CROSBY v. MICKENS-COOK.

BOGGS, Judge.

Katherine Stone-Crosby brought this action in Fulton County Superior Court seeking custody of her niece and nephew, orphaned by the murder-suicide of their parents. Twelve days after the action was filed, Odessa Mickens-Cook, the paternal grandmother, moved to intervene and filed an answer to the petition. On the same day, she also filed a deprivation petition in Fulton County Juvenile Court and moved to dismiss the superior court action for lack of jurisdiction. The superior court denied the motion to dismiss but granted Mickens-Cook's motion to intervene.

After an investigation by social services and a hearing at which the parties testified, the trial court awarded custody to Mickens-Cook. Stone-Crosby filed a motion for reconsideration, a motion to set aside, and a motion for new trial. After a

hearing, the trial court denied all three motions in a well-reasoned, comprehensive order, and Stone-Crosby appeals.[1] Finding no error, we affirm.

1. In her first enumeration of error, Stone-Crosby contends that the superior court lacked jurisdiction to hear this custody matter. We disagree.

Stone-Crosby asserts that no statute expressly provides for jurisdiction of the superior court over custody when both parents are deceased. But in so doing, she overlooks the controlling provision of the Georgia Constitution: "The superior courts shall have jurisdiction *in all cases*, except as otherwise provided in this Constitution." (Emphasis supplied.) Ga. Const. of 1983, Art. VI, Sec. IV, Par. I. "The superior court ha[s] original jurisdiction over contests for permanent child custody in the nature of a habeas corpus between parents, parents and third parties, or between parties who are not parents. See *In re J. R. T.*, 233 Ga. 204, 205 (210 SE2d 684) (1974); *In the*

---

[1]Mickens-Cook argues that the motion for new trial did not address issues appropriate for such a motion, and it therefore was invalid and did not extend the time for filing a notice of appeal. "A motion for a new trial is a proper means of seeking a retrial or reexamination, in the same court, of an issue of fact, or of some part or portion thereof, after decision by a jury or a decision by the court thereon." (Citation and punctuation omitted.) *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 591 (2) (690 SE2d 397) (2010). The trial court held a hearing on the motion for new trial, at which Stone-Cook sought to revisit issues of fact. The matters addressed were proper for consideration on a motion for new trial. Moreover, even a void motion for new trial, unless untimely filed, extends the time for filing a notice of appeal. *Craig v. Holsey*, 264 Ga. App. 344, 344-345 (1) (590 SE2d 742) (2003).

2

*Interest of K. R. S.*, 253 Ga. App. 678, 679 [(1)] (560 SE2d 292) (2002)." *Dunbar v. Ertter*, 312 Ga. App. 440, 441 (718 SE2d 350) (2011), cert. granted, __ Ga. __ (Case No. S12G0452, March 5, 2012).[2]

It is true that the superior court's jurisdiction to hear custody matters is concurrent in certain circumstances with that of the juvenile court, but that occurs only "when the issue is transferred by proper order of the superior court." OCGA § 15-11-28 (c) (1). The juvenile court has exclusive jurisdiction when a child is alleged to be deprived, OCGA § 15-11-28 (a) (1) (C), or when termination of parental rights is sought, except in connection with adoption proceedings, in which the superior court also has concurrent jurisdiction. OCGA § 15-11-28 (a) (2) (C). But even when a termination petition is brought in the juvenile court, if it is merely a "disguised custody matter" it is not within the court's jurisdiction. *In the Interest of C. L. C.*, 299 Ga. App. 729, 733 (1) (683 SE2d 690) (2009). See also *Wiepert v. Stover*, 298 Ga. App. 683, 685 (3) (680 SE2d 707) (2009) (complaint for permanent custody not a deprivation petition and did not allege that child was deprived; jurisdiction properly in superior court).

---

[2]In *Dunbar*, we held that despite this original jurisdiction, the superior court erred in exercising its jurisdiction because a long-term custody order pursuant to an earlier deprivation action remained in effect. Id. at 441. No such order exists here.

Moreover, in *Segars v. State of Georgia*, 309 Ga. App. 732 (710 SE2d 916) (2011), this court observed: "In determining the issue of competing jurisdictions, we have repeatedly applied the principle that where common law courts have concurrent jurisdiction, the first court taking jurisdiction will retain it." (Citations and punctuation omitted.) Id. at 735. On that basis, we held that "the superior court lacked jurisdiction . . . because the juvenile court had already exercised its concurrent jurisdiction." Id. at 736. See also *In the Interest of J. C. W.*, 315 Ga. App. 566, 571-572 (1) (727 SE2d 127) (2012). Here, in contrast, the custody action in superior court was filed before the deprivation action in juvenile court.

Relying on *Zinkhan v. Bruce*, 305 Ga. App. 510 (699 SE2d 833) (2010), Stone-Crosby also argues that jurisdiction was properly in the probate court because of its statutory authority to order a guardian for the children. But in *Zinkhan*, the deceased parents' wills nominated a testamentary guardian under OCGA § 29-2-4 (b), the guardian had filed a request for letters of testamentary guardianship, and the probate court had issued letters to the guardian. Only then did the opposing parties file a petition for custody in the superior court. We held that this "collateral attack" on the guardianship was improper when the probate court properly had jurisdiction and the

4

opposing parties could have moved to revoke or suspend the letters of testamentary guardianship. Id. at 514 (1).

Here, in contrast, both parents died without a will, and the petition in probate court by the maternal grandparents was not filed until after the superior court custody action was pending. And as with juvenile court, even "[w]here a probate court (formerly a court of ordinary) and a superior court have concurrent jurisdiction over an action, the general rule is that the court first taking jurisdiction will retain it unless some good reason is shown for equitable interference." (Citations and footnote omitted.) *Morris v. Mullis*, 264 Ga. App. 428, 434 (5) (590 SE2d 823) (2003).

The trial court therefore correctly held that, in the absence of an earlier-filed action in juvenile court or probate court, it was the first court to take jurisdiction and it properly retained it. The trial court did not err in denying Stone-Crosby's motion to dismiss for lack of jurisdiction.

2. In her second enumeration of error, Stone-Crosby argues that the trial court erred in denying her motion for new trial when no evidence supported the trial court's finding that her marital status affected the children's welfare. She complains that the trial court relied exclusively on her separation from her husband, weighed that factor "heavily" against her as a "bright-line test," and failed to articulate how it would

affect the welfare of the children. In support of this argument, Stone-Crosby relies on

*Todd v. Todd*, 287 Ga. 250, 253 (2) (703 SE2d 597) (2010). We are not persuaded

that the trial court abused its discretion, nor that it employed a "rigid policy" or

"bright-line test" as forbidden by *Todd*.

At the hearing on the motion for new trial, the trial court observed that it was

"not persuaded that its final decision is contrary to the law, [c]ontrary to the

evidence[,] strongly against the weight of the evidence[,] nor that it was the result of

the court's rushing the parties into a final decision."

> A trial court may grant a motion for new trial if, in the exercise of its
> discretion, it finds that a jury's verdict was against the weight of the
> evidence. However, when a trial court denies such a motion, the
> appellate court does not have the discretion to grant a new trial on that
> ground. We can only review the evidence to determine if there is any
> evidence to support the verdict. The standard of appellate review of the
> denial of a motion for new trial on the general grounds is essentially the
> same as that applicable to the denial of a motion for directed verdict or
> judgment n. o. v. The appellate courts can only set a verdict aside, on
> evidentiary grounds, as being contrary to law in that it lacks any
> evidence by which it could be supported.

(Citations and punctuation omitted.) *Cook v. Huff*, 274 Ga. 186 (1) (552 SE2d 83)

(2001).

6

The Georgia Supreme Court's decision in *Todd v. Todd*, supra, is not applicable here. In that case, the trial court "did not evaluate or make any determinations as to the best interest of the child, and instead simply followed its own rigid policy that a parent living with a non-relative can never be awarded custody. [Cit.]" Id., 287 Ga. at 254. Here, in contrast, the trial court expressly considered the children's best interest, and some evidence supported its custody decision.[3] In its ruling from the bench, the trial court noted a distinction between "being a divorced single parent" and actually being in the process of "going through a divorce," and that it had "to consider whether or not it's in the best interest of the children to be in a situation where those issues are not yet resolved."[4] Evidence also was presented that Stone-Crosby's financial situation was precarious, affecting her ability to support two children in addition to her own child. She held only a part-time job on commission in addition to some freelance work, with variable income, and her husband was not providing any

---

[3]Stone-Crosby complained below that the trial court failed to enter sufficient findings of fact. But, as the trial court correctly observed, it need only do so upon the request of any party "on or before the close of evidence in a contested hearing," OCGA § 19-9-3 (a) (8), and no such request was made.

[4]That factor takes on some additional significance in light of the fact that the murder-suicide that orphaned the children occurred during an unresolved pending divorce and custody dispute.

7

financial support during the separation and had stopped paying his share of the mortgage. As a result, she had to borrow a substantial amount of money from her parents to cover expenses.

Moreover, the trial court also noted its concern regarding "certain decisions and judgment" that "were not, in the court's mind, appropriate or necessarily in the children's best interest." Evidence was presented that Stone-Crosby made representations to the children that they would be living with her permanently, despite knowing that the custody issue was unresolved.

Since some evidence supports the trial court's decision, we cannot say that denial of the motion for new trial was erroneous.

*Judgment affirmed. Doyle, P. J. and Andrews, J., concur.*